UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Raymond Stankunas

    v.                                            Civil No. 06-cv-044-SM

Joseph Statkus, et al.


**REPORT AND RECOMMENDATION**

    Plaintiff was a Commissioner of the Emerald Lake Village District Board of Commissioners. The Village District is a municipal entity in the Town of Hillsborough, New Hampshire.[1] The Annual District Meeting was held on Friday, January 20, 2006 and, pursuant to the Warrant, elections were held for two Commissioners, the Moderator, the Clerk and the Treasurer. Plaintiff sought re-election as a Commissioner. Since he complains that he was denied a recount I infer that he was not determined to have won election on January 20, 2006.

    Plaintiff alleges that he applied pursuant to N.H. RSA 669:30 for a recount within the statutory period, but that no recount was held within the required 5-10 days after his application. He further alleges that the newly elected

---

[1] N.H. RSA 52:1 permits the establishment of such districts within a town.

Moderator, Franklin P. Sylvia, announced at a February 3, 2006 public meeting of the Commission that "there would be no recount, plaintiff could not win a recount." Document no. 1, Complaint, p.4, ¶ 6.

Plaintiff now moves for an <u>ex parte</u> Temporary Restraining Order to "prevent interference with plaintiff's duties . . . as chairman of the Emerald Lake Village District."

<u>Discussion</u>

Fed. R. Civ. P. 65(b) provides, in part, as follows:

> A temporary restraining order may be granted
> without written or oral notice to the adverse
> party only if (1) it clearly appears from
> specific facts shown by affidavit or by
> verified complaint that immediate and
> irreparable injury, loss or damage will
> result to the applicant before the adverse
> party or that party's attorney can be heard
> in opposition, and (2) the applicant's
> attorney certifies to the court in writing
> the efforts . . . which have been made to
> give the notice and the reasons supporting
> the claim that notice should not be required.

While the complaint is verified plaintiff has not satisfied the second requirement of notice or adequate reasons why not. Plaintiff is seeking an order to be maintained in an elected position to which, on the face of the complaint, defendants assert he was not re-elected. The matter should not, under the

rule, be heard <u>ex</u> <u>parte</u> and I recommend that the motion for temporary restraining order be denied without prejudice to plaintiff's right to file a motion for preliminary injunction after he has made service on the defendants.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   February 21, 2006

cc:     Raymond Stankunas, *pro se*